UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHUE VANG,

          Plaintiff,                  CIV. S-03-0900-PAN

    v.

JO ANNE B. BARNHART,              Memorandum of Decision
Commissioner of Social
Security,

          Defendants.

—oOo—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff supplemental security income benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 416.920(c). Third, the medical evidence

of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. § 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. § 416.920(f).

In November 1999 defendant found plaintiff was eligible, suffered from "severe" chronic joint pain and dyspepsia but no listed impairment, that she had the physical capacity for heavy work and was not disabled.  In January 2002, upon a subsequent application, defendant found plaintiff had no severe impairment and was not disabled.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence.  Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1427 (1971), but less than a preponderance, Bates v. Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such

2

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision.  <u>Gonzalez</u>, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence, <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

   Plaintiff claims defendant erred in applying the doctrine of res judicata, finding plaintiff's impairments are not severe and discrediting her subjective complaints.  Plaintiff contends defendant should have based her decision upon the assessment of her treating physician, Dr. Su, who in October 2001 found plaintiff was without any of the physical or mental capacities for gainful work because of confusion, weakness, poor judgment, low intelligence, poor organization, poor memory, unstable mood, and pain.  Tr. 401-405.

   The only diagnosed disorder the court has found within Dr. Su's records is Bell's Palsy and hypertension, neither of which would explain the severe physical and mental limitations he found.  A claimant may be found disabled only if unable to

3

perform substantial gainful activity by reason of a medically determinable impairment.  20 C.F.R. § 416.905, 416.927(a)(1). Therefore, it was not error to reject Dr. Su's opinion.

Plaintiff points to no other evidence that would support a finding plaintiff is incapacitated by any severe impairment and her claims defendant misapplied the doctrine of res judicata are therefore moot.

The decision denying benefits is affirmed.

Dated:  April 25, 2005.

                                        /s/ Peter A. Nowinski
                                        PETER A. NOWINSKI
                                        Magistrate Judge